Patrick Q. Hustead, Esq.
The Hustead Law Firm,
A Professional Corporation
4643 South Ulster Street, Suite 1250
Denver, Colorado 80237
Email: PQH@thlf.com
Telephone No.: 303-721-5000
Wyoming Bar No. 6-2864
*Attorneys for Plaintiff, Interstate Fire &*
*Casualty Company*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2013 DEC 24 AM 8 05
STEPHAN HARRIS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| INTERSTATE FIRE & CASUALTY COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 13-CV-278 J |
| APARTMENT MANAGEMENT CONSULTANTS, LLC AND SUNRIDGE PARTNERS, LLC, | ) ) ) ) |
| Defendants. | ) ) |

### COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Interstate Fire and Casualty Company, through its undersigned counsel, Patrick Q. Hustead of The Hustead Law Firm, A Professional Corporation, submits the following Complaint for Declaratory Relief pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, *et seq.* against Defendants Sunridge Partners, LLC and Apartment Management Consultants, LLC as follows:

## I. JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists between the Plaintiff, on the one hand, and the above-named Defendants, on the other, and the amount in controversy exceeds $75,000. Further, the Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

2. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 (b)(2) because a substitutional part of the events giving rise to the claim occurred in the State of Wyoming.

## II. PARTIES

3. Interstate Fire and Casualty Company is domiciled in the State of Illinois and maintains its executive offices at 33 W. Monroe St. Chicago, IL 60603.

4. On information and belief, Defendant Sunridge Partners, LLC ("Sunridge") is a resident of the State of Utah, with its principal place of business at 353 E. 300 South, Salt Lake City, UT 84111.

5. Sunridge owns Sunridge Apartments in Casper, Wyoming. Sunridge's registered agent in Wyoming is: CT Corporation System, 1712 Pioneer Ave, Suite 120, Cheyenne, WY 82001.

6. On information and belief, Defendant Apartment Management Consultants, LLC ("AMC") is a resident of the state of Utah company with its principal place of business at 1954 E. First Union Blvd, Suite 500, Cottonwood Heights, UT 84121.

7.     AMC operates and manages Sunridge Apartments in Casper, Wyoming. AMC's registered agent in Wyoming is: CT Corporation System, 1712 Pioneer Ave, Suite 120, Cheyenne, WY 82001.

### III. GENERAL ALLEGATIONS

8.     Interstate issued a Commercial General Liability insurance policy to Commercial Industrial Building Owner's Alliance, Inc. d/b/a CIBA ("CIBA"), bearing policy number SGL 1002220 (the "Policy"), for a one-year term, from March 31, 2010 to March 31, 2011, with a limit of $1,000,000 per occurrence, and a $2,000,000 General Aggregate Limit for the policy term.

9.     The Policy contains a "Named Insured Endorsement" identifying CIBA as a named insured, as well as any associate of CIBA "to whom an Evidence or a Certificate of Insurance has been issued and which describes the specific location coverage is limited to."

10.    CIBA issued Certificates of Insurance to Sunridge and AMC, identifying them as named insureds under the Policy.

11.    On or about May 2, 2012, Amber Nicole Lompe filed an action in the United States District Court for the District of Wyoming, captioned, *Amber Nicole Lompe v. Sunridge Partners, LLC; and Apartment Management Consultants, LLC* with a civil action number of 12CV088J (the "Lompe Action").

12.    As more fully set forth in the Complaint & Demand for Jury Trial in the Lompe Action, Ms. Lompe alleged that, as a result of AMC's and Sunridge's negligent, grossly

3

negligent, and willful and wanton acts, she was poisoned by carbon monoxide gas inside her apartment at Sunridge Apartments in Casper, Wyoming causing her to suffer injuries, damages, and losses.

13.     In addition to compensatory damages, Ms. Lompe's Complaint & Jury Demand requested "exemplary and punitive damages … sufficient to adequately punish [Sunridge and AMC] and to serve as a deterrent and warning against future conduct of the type alleged in [the complaint."

14.     Interstate has been and continues to defend AMC and Sunridge against the Lompe Action under a reservation of rights.

15.     Commencing on December 2, 2013, the Lompe Action was tried to a jury, with the Honorable Alan B. Johnson presiding.

16.     On December 19, 2013, the jury in the Lompe Action delivered a verdict finding Sunridge, AMC, and Ms. Lompe negligent.

17.     The jury found Sunridge 25% at fault, AMC 65% at fault, and Ms. Lompe 10% at fault, and awarded a total of $3,000,000 in compensatory damages.

18.     The jury also found that the conduct of Sunridge constituted "willful and wanton misconduct" such that punitive damages should be awarded against Sunridge.

19.     The jury also found that the conduct of AMC constituted "willful and wanton misconduct" such that punitive damages should be awarded against AMC.

20.     On December 20, 2013, after the punitive damages portion of the Lompe case, the jury returned a verdict form assessing $3,000,000 in punitive damages against Sunridge, and

4

$22,500,000 in punitive damages against AMC.

21. For reasons including, but not limited to, the following, no coverage exists under the Policy for the punitive damages assessed in the Lompe Action against Defendants AMC and/or Sunridge, as such damages are expressly excluded by the Policy.

22. The Policy language states, in relevant part:

**EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES**

This insurance does not apply to fines, penalties, punitive damages, exemplary damages, treble damages or the multiplication of compensatory damages.

23. All conditions precedent to filing this action have been performed or have occurred.

24. Pursuant to 28 U.S.C. § 2201, *et seq.* and Fed. R. Civ. P. 57, Interstate requests a declaration from the Court that Interstate has no coverage obligation under the Policy concerning any award of punitive damage, and no duty to indemnify either AMC or Sunridge for any punitive damages awards in the Lompe Action.

### IV. CLAIM FOR RELIEF
(Declaratory Judgment)

25. Interstate realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 24 above as though fully set forth herein.

26. A dispute has arisen between and among Interstate and the Defendants with respect to the nature and extent of insurance coverage available to Defendants.

27.  For reasons including, but not limited to, those set forth herein, and based on the clear and unambiguous language contained in the Policy, Interstate has no duty to pay or indemnify AMC and/or Sunridge for any punitive damages awards against them in the Lompe Action.

28.  As the Policy provides no coverage for any punitive damages awarded against Defendant AMC or Defendant Sunridge, Interstate is entitled to a declaratory judgment in its favor decreeing that no coverage exists in regard to such damages, and that it has no duty to indemnify Defendant AMC or Sunridge for any such damages under the Policy as a matter of law.

**WHEREFORE**, for the foregoing reasons, Interstate respectfully requests that this Court enter an Order decreeing that Interstate has no coverage obligation concerning any award of punitive damage, and no duty to indemnify either AMC or Sunridge for any punitive damages awards in the Lompe Action, and for such other and further relief as this Court deems just and proper.

Dated this 24th day of December, 2013.

                                                    The Hustead Law Firm,
A Professional Corporation

_____
Patrick Q. Hustead, Esq.
The Hustead Law Firm,
A Professional Corporation
4643 South Ulster Street, Suite 1250
Denver, Colorado 80237
Email: PQH@thlf.com
Telephone No.: 303-721-5000
Wyoming Bar No. 6-2864
*Attorneys for Plaintiff, Interstate Fire & Casualty Company*

<u>Address of Plaintiff:</u>
33 W. Monroe St.
Chicago, IL 60603

7