IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
SEP 0 1 2015
CLERK, U.S.D.C.
CHEYENNE, WYOMING

INTERSTATE FIRE & CASUALTY COMPANY
and FIREMAN'S FUND INSURANCE COMPANY,

Plaintiffs,

vs.                                                   Case No. 13-CV-278-J

APARTMENT MANAGEMENT CONSULTANTS
LLC, SUNRIDGE PARTNERS LLC,

Defendants.

## ORDER STRIKING INTERSTATE'S SUPPLEMENT TO THEIR OPPOSITION TO AMC'S AND SUNRIDGE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

On August 27, 2015, Interstate Fire & Casualty Company, Fireman's Fund Insurance Company (collectively "Interstate") filed a supplement (Doc. 126) to their response in opposition to AMC and Sunridge's pending motion for partial summary judgment. AMC and Sunridge filed their original motion for partial summary judgment on December 22, 2014. Doc. 51. Interstate filed the opposition to the motion on January 5, 2015. Doc. 56. Interstate also filed a motion for judgment on the pleadings on December 22, 2014. Doc. 53. This most recent submission, a total of 193 pages, was not filed with leave of court.

A Final Pretrial Conference is set for September 1, 2015; trial is scheduled to begin on September 14, 2015. The supplement was filed two business days before the Final Pretrial Conference is to be held and eleven business days before jury trial is set to commence on

1

September 14, 2015. The extended May 20, 2015 discovery cutoff has long since passed. It is disingenuous to believe that Interstate did not have any information in regard to these matters on or before August 27, 2015. If it did, Interstate certainly had a responsibility to bring any issues it perceived as worthy of attention to the Court for consideration long before the eve of trial. If it did not have this information, that seems likely to have been the result of Interstate's own lack of diligence.

Having reviewed all matters of record that have come before this Court since the filing of the complaint on December 24, 2013 and the date of filing the instant supplemental submission, it is not difficult to conclude Document 126 is not timely. Upon review, the Court also finds that Interstate has failed to show any good cause for this extremely untimely submission.

Federal district courts have inherent power to manage their business so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123 (1991); *LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003); *Escobar v. Foster*, 2013 WL 5878409, *12 (D.Colo. 2013); *Chamberlin v. City of Albuquerque*, 2005 WL 2343475, *2 (D.N.M. 2005); *United States ex rel Jimenez v. Health Net, Inc.*, 856 (10th Cir. 2005); *Weinbaum v. Las Cruces Public Schools*, 465 F. Supp.2d 1116, 1143 n. 26 (D.N.M. 2006); *Adams v. Goodyear Tire & Rubber Co.*, 184 F.R.D. 369, 374-375 (D.Kan. 1998)[1]. Included in that inherent power is the ability to impose sanctions for unreasonably

---

[1] Considering repeated requests for extensions in a case, the court stated:
(continued...)

extending court proceedings. One option is to impose sanctions on counsel who multiply proceedings in any case unreasonably and vexatiously. 28 U.S.C. § 1927. However, other options may be crafted. In this case, the Court *sua sponte* will strike the untimely supplemental submission as a sanction. It is hereby

**ORDERED** that the supplement filed by Interstate *(Doc. 126)* shall be, and hereby is, **STRICKEN AS UNTIMELY.**

Dated this 31st day of August August 2015.

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
This practice causes extended delays that reflect poorly on the bar and the judicial system and that interfere with the court's ability to manage its docket. On this subject, the Fifth and Seventh Circuits have expressed similar concerns:

> "[D]elays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial practice; and they fuel the increasing resort to means of nonjudicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings."

*Spears v. City of Indianapolis*, 74 F.3d 153, 157-58 (7th Cir.1996) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990)). This court will no longer tolerate the plaintiff's counsel's practice of seeking numerous extensions of time.